PEOPLE OF the STATE OF CALI-
FORNIA, Plaintiff,

v.

Milton LUROS, Petitioner-Defendant.

Crim. No. 6654.

United States District Court,
C. D. California.

Sept. 28, 1970.

Evelle J. Younger, Dist. Atty., Har-
vey W. Harper, Deputy Dist. Atty., Los
Angeles, Cal., for plaintiff.

Stanley Fleishman, Hollywood, Cal.,
for petitioner-defendant.

ORDER OF REMAND 28 U.S.C.
§ 1447(c)

HAUK, District Judge.

Upon reading and considering the Pe-
tition for Removal filed herein on Sep-
tember 28, 1970, it appears that the case
of the "People of the State of California,
Plaintiff, vs. Milton Luros, Defendant"
No. M 64212 in the Municipal Court of
the Whittier Judicial District, County of
Los Angeles, State of California,[1] was
removed improvidently and without ju-
risdiction in that there is no sufficient
showing that the Petitioner-Defendant
herein (the Defendant therein) has been
denied or cannot enforce in the courts
of the State of California, a right under
any law providing for the equal civil
rights of citizens of the United States
of America, or of all persons within the
jurisdiction thereof.

It further appears that the said Peti-
tioner-Defendant herein (the Defendant
therein) has not been and is not being
prosecuted under or by reason of said
Complaint No. 64212 in the Municipal
Court of Whittier Judicial District,
County of Los Angeles, State of Cali-
fornia, for any act under color of au-
thority derived from any law providing
for equal rights, or for refusing to do
any act on the ground that it would be
inconsistent with such law.

It further appears that the said prose-
cution in the said Whittier Judicial Dis-
trict against the Petitioner-Defendant
herein (Defendant therein) is not de-
signed to and does not deprive him of
equal civil rights, and that he can en-

---

1. The State Complaint is an exhibit to the Petition for Removal, and both are attached hereto
as an Appendix.

force his equal civil rights in the said State prosecution.

And it further appears that the said Petitioner-Defendant herein (Defendant therein) has not been deprived of and is not being deprived of any of his Constitutional rights or civil rights, whether under the United States Constitution, the laws of the United States, or otherwise.

Now, therefore, it is hereby ordered that the aforesaid Complaint and criminal prosecution entitled the "People of the State of California, Plaintiff, vs. Milton Luros, Defendant" No. M 64212 in the Municipal Court of the Whittier Judicial District, County of Los Angeles, State of California be and the same hereby is remanded to the said Municipal Court of the Whittier Judicial District, County of Los Angeles, State of California forthwith, pursuant to 28 U.S.C. § 1447(c) and other applicable statutes of the United States, and the Petitioner-Defendant is hereby ordered to pay all just costs by the Respondent People of the State of California necessarily incurred by reason of the Petition for Removal and other proceedings herein.

It is further ordered that a certified copy of this Order of Remand be transmitted immediately by the Clerk of this Court to the Clerk of the said Municipal Court of Whittier Judicial District by messenger and that another certified copy be sent by mail to said Clerk, and that copies thereof be transmitted to the respective Counsel for both parties herein via the said Whittier Municipal Court Clerk, and additional copies be mailed to said Counsel.

## APPENDIX

### PETITION FOR REMOVAL
### 28 U.S.C. § 1443(1)

TO: THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

The verified petition of petitioner-defendant, Milton Luros, respectfully states:

### I

A criminal complaint was filed in the Municipal Court of the Whittier Judicial District, County of Los Angeles, State of California, on or about January 28, 1969, alleging the violation of California Penal Code § 311.2, a misdemeanor, by your petitioner Milton Luros. A copy of said complaint is attached hereto as Exhibit A.

### II

The aforementioned state prosecution against your petitioner is presently set for trial on September 29, 1970.

### III

The aforementioned state criminal prosecution is being prosecuted by Evelle J. Younger, District Attorney for the County of Los Angeles, State of California.

### IV

On or about the 26th day of October, 1964, petitioner was arrested and subsequently prosecuted by District Attorney Younger and his agents on a charge of conspiring to violate the state obscenity law, California Penal Code § 311.-2. People v. Luros, et al., Superior Court of the State of California for the County of Los Angeles, No. 295183.

### V

On or about February 16, 1965, the Honorable Walter R. Evans dismissed a portion of the said complaint, finding a book and various magazines to be not obscene but, on the contrary, expression protected by the First and Fourteenth Amendments to the United States Constitution. No appeal was taken from the said ruling. Subsequently, on or about June 14, 1965, the Honorable Joseph A. Sprankle, Jr., dismissed the complaint, finding the remaining books to be not obscene.

### VI

In or about July, 1966, petitioner was arrested and subsequently prosecuted by District Attorney Younger and his agents on a charge of conspiring to violate the aforesaid California Penal Code § 311.2. People v. Luros, et al, Superior

Court of the State of California for the County of Los Angeles, No. 324782. On or about August 24, 1967, the Honorable Bernard S. Selber granted a motion to dismiss the indictment on the ground that there was no reasonable and probable cause to believe a crime had been committed. On or about December 23, 1968, the Court of Appeal of the State of California, Second Appellate District, Division Four, affirmed the ruling of Judge Selber. People v. Luros, et al, Crim. No. 14253. This case is still pending, the Supreme Court of the State of California having granted a petition for hearing on or about February 19, 1969. People v. Luros, et al, Crim. No. 13153.

## VII

On or about July 26, 1968, petitioner was arrested and subsequently prosecuted by District Attorney Younger and his agents on a charge of violating California Penal Code § 311.2. People v. Luros, et al, Municipal Court of the Alhambra Judicial District, County of Los Angeles, State of California, No. M–49720. On January 24, 1969, the Honorable Peter S. Smith dismissed the complaint, holding the material involved to be not obscene. The said ruling has become final.

## VIII

On or about the 21st day of February, 1969, petitioner was arrested and subsequently prosecuted by District Attorney Younger and his agents on a charge of violating California Penal Code § 311.2. People v. Luros, et al, Municipal Court of the South Bay Judicial District, County of Los Angeles, State of California, No. M–93350. Subsequently, the said complaint was dismissed upon motion of the People on the ground that the People were unable to prove that the magazine named in the complaint was obscene.

## IX

In or about February, 1964, petitioner was arrested by officers of the Los Angeles Police Department and prosecuted by Roger Arnebergh, City Attorney of the City of Los Angeles, State of California, and his agents, on a charge of

openly outraging public decency in violation of California Penal Code § 650½ for having published and distributed a number of nudist magazines. People v. Sun Era, Inc., etc. and Milton Luros, Municipal Court of the Los Angeles Judicial District, County of Los Angeles, State of California, No. 204000. On March 18, 1964, a demurrer to the complaint was sustained by the municipal court on the ground that no public offense was charged. The Appellate Department of the Superior Court for the County of Los Angeles, State of California, affirmed the trial court's ruling on July 9, 1964. People v. Sun Era, Inc., et al, No. Cr. A–5818.

## X

In or about April, 1966, petitioner was arrested by officers of the Los Angeles Police Department and prosecuted by City Attorney Arnebergh and his agents on a charge of distributing an obscene magazine in violation of California Penal Code § 311.2. People v. Leja and Luros, Municipal Court of the Los Angeles Judicial District, County of Los Angeles, State of California, No. 259799. On February 14, 1968, a constitutional fact hearing was held before the municipal court, at which time the magazine charged was held not obscene. The said ruling has become final.

## XI

In or about March, 1966, petitioner was arrested by the Los Angeles Police Department and prosecuted by City Attorney Arnebergh and his agents on a charge of violating California Penal Code § 311.2. People v. London Press, Inc., etc., and Luros, et al, Municipal Court of the Los Angeles Judicial District, County of Los Angeles, State of California, No. 257438. On March 18, 1968, petitioner Luros' motion to dismiss was granted for insufficiency of the evidence. The said ruling has become final.

## XII

In or about May, 1966, petitioner Luros was arrested by the Los Angeles Police Department and prosecuted by City Attorney Arnebergh and his agents

on a charge of violating California Penal Code § 311.2. People v. Luros, et al., Municipal Court of the Los Angeles Judicial District, County of Los Angeles, State of California, No. 259984. On December 21, 1967, the court dismissed the complaint, holding the magazines charged to be not obscene. The said ruling has become final.

### XIII

In or about May, 1966, petitioner Luros was arrested by the Los Angeles Police Department and prosecuted by City Attorney Arnebergh and his agents on a charge of violating California Penal Code § 311.2. People v. Luros, Municipal Court of Burbank Judicial District, County of Los Angeles, State of California, No. M 16665. On December 15, 1967, the court dismissed the complaint, holding that the material charged was not obscene. The said ruling has become final.

### XIV

In or about May, 1966, petitioner Luros was arrested by the Los Angeles Police Department and prosecuted by City Attorney Arnebergh and his agents on a charge of violating California Penal Code § 311.2. People v. Luros, et al, Municipal Court of the Los Angeles Judicial District, County of Los Angeles, State of California, No. 259985. On December 21, 1967, the court dismissed the complaint, holding the magazines charged to be not obscene. The said ruling has become final.

### XV

In the prosecutions referred to in Paragraphs IX through XIV, inclusive, City Attorney Arnebergh and his agents were acting in concert with District Attorney Younger and his agents.

### XVI

In all of the aforementioned prosecutions, the material charged as being obscene is, in the constitutional sense, identical to the magazine named in the complaint herein.

### XVII

In initiating the aforesaid criminal prosecutions against petitioner Luros, District Attorney Younger, acting in concert with City Attorney Arnebergh, had, as their true purpose and intent, the harassing and driving out of business petitioner Luros. At all times aforementioned, District Attorney Younger and City Attorney Arnebergh knew that the books and magazines involved in the aforesaid prosecutions were not obscene but, on the contrary, were constitutionally protected expression.

### XVIII

Under the Fourteenth Amendment to the United States Constitution, petitioner Luros is guaranteed the equal protection of the law. The aforesaid prosecutions initiated against petitioner Luros by District Attorney Younger and City Attorney Arnebergh are part of a scheme to deprive petitioner Luros of the equal protection of the law.

### XIX

For all of the foregoing reasons, the present prosecution against petitioner Luros is designed to, and does, deprive him of his equal civil rights and he cannot enforce his equal civil rights in the said state prosecution.

Wherefore, petitioner prays that the aforementioned criminal prosecution now pending against him in the Municipal Court of the Whittier Judicial District, County of Los Angeles, State of California, be removed therefrom to this Court.

DATED: September 25, 1970

STANLEY FLEISHMAN

BY (s) David M. Brown
DAVID M. BROWN
Attorney for Petitioner